IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MILTON GAFFORD, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-00039-K (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Milton Gafford, a former Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY Gafford's petition.

## I.   Background

Gafford used his car to assault of his girlfriend, Lillie Spencer, on a highway in Texas. He was later charged by indictment with aggravated assault with a deadly weapon, and his charge was enhanced with a paragraph

---

[1] Gafford was in state custody when he filed his petition, but it appears he has since been released. *See* Pet. 10, 41 (ECF No. 3) (showing Texas Department of Criminal Justice as return address); *see also* (ECF No. 12 at 1) (showing address in Channelview, Texas as new address).

1

alleging a prior conviction for aggravated assault with a deadly weapon. Gafford waived his right to a jury trial, and the 283rd District Court of Dallas County, Texas, found him guilty as charged in the indictment. *See The State of Texas v. Milton Gafford*, Case No. F-1371212-T. On July 14, 2014, the Court sentenced him to ten years' imprisonment.

The Fifth Court of Appeals of Texas affirmed the trial court's judgment, *see Gafford v. State,* No. 05-14-00917-CR, 2015 WL 4641693, at *3 (Tex. App-Dallas 2015, pet. ref'd), and the Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review (PDR), *See Gafford v. State*, No. PD-0600-18 (Tex. Crim. App. 2018). Thereafter, Gafford filed a state application for writ of habeas corpus, which the CCA denied without a written order.

Gafford then filed this § 2254 petition (ECF No. 3), in which he argues:

(1)  He was denied effective assistance of counsel when his appellate attorney failed to argue in his PDR that Gafford's conviction was only supported by testimony the complainant "felt" fear, as opposed to actually being in danger.

(2)  His trial attorney provided ineffective assistance of counsel when he:

   a. failed to object to the jury charge based on the fact it omitted the requirement that the jury find there was actual danger; and

   b. failed to investigate the State's expert witness and find that the expert was not qualified to make a conclusion in court.

2

>   (3)   The trial court abused its discretion when it:
>
>       a.   found him guilty without sufficient evidence because it "applied feelings over actual reality"; and
>
>       b.   failed to correct the false interpretation of the truth when it allowed the fingerprint expert to testify without submitting the fingerprint to the FBI.

The Director filed a response arguing that Gafford's petition should be denied because he failed to establish that the state court's rejection of his claims was objectively unreasonable. Gafford did not file a reply, and the time for doing so has passed. Thus, his claims are fully-briefed and ripe for determination.

## II. Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, provides:

>   (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>       (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>       (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

3

28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

1. **Gafford did not have a right to counsel for his PDR.**

Gafford initially argues that he was denied effective assistance of counsel when his appellate attorney erred in his PDR. Pet. 6 (ECF No. 3). Specifically, he contends that his appellate attorney failed to argue that his conviction was only supported by testimony the complainant "felt" fear, but she was "never actually in danger," "not objectively". *Id.*

The right to effective assistance of counsel for a criminal defendant extends only to a first appeal of right. *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000) (citing *Evitts v. Lucey*, 469 U.S. 387, 392 (1985)). A defendant does not have the right to counsel when pursuing a discretionary appeal. *See Ross v. Moffitt*, 417 U.S. 600, 614-15 (1974); *see also Clark*, 227 F.3d at 283 ("[T]he Supreme Court has not extended the right of counsel to

discretionary review."). The Supreme Court has held that it was constitutional under due process to not provide counsel on discretionary appeal. *Ross*, 417 U.S. at 610.

Gafford did not have a right to the assistance of an attorney when pursuing his PDR to the CCA. *See Clark*, 227 F.3d at 283. For this reason, he is not entitled to federal habeas relief on this ineffective assistance of counsel claim because he was not denied a federal constitutional right. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993 ("To obtain review of a state court judgment under § 2254, a prisoner must assert a violation of a federal constitutional right."). Therefore, the Court should deny Gafford's claim of ineffective assistance of appellate counsel.

**2. Gafford has failed to demonstrate that his trial attorney provided ineffective assistance of counsel.**

Next, Gafford argues that his trial attorney erred by failing to object to the jury instructions, which did not state that the jury "must find actual danger, a predicate finding needing more than feelings." Pet. 6 (ECF No. 3). He further argues that his trial attorney erred when he failed to investigate the fingerprint witness. *Id.* at 6, 26.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v.*

*Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did not make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343

6

F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1). When the state court has adjudicated the claims on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

### a. Jury Instructions

Gafford argues that his trial attorney provided ineffective assistance of counsel when he failed to object to the jury charge omitting the requirement for actual danger. Pet. 6, 28 (ECF No. 3).

The failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir.1998) (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)). Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 689. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* And "[g]iven the almost infinite variety of possible trial techniques and tactics available

7

to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689).

Gafford signed a "Waiver of Jury," and he had his trial before the trial court. Clerk's R. 12 (ECF No. 9-20); State Habeas Ct. R. 5-7 (ECF No. 9-29); 2 Reporter's R. 6-7 (ECF No. 9-22). Because there was no trial, there were no jury instructions. For this reason, Gafford cannot demonstrate that his trial attorney's failure to object amounted to deficient performance under *Strickland*, or that he was somehow prejudiced. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise a meritless argument cannot support an ineffective assistance of counsel claim); *see also United States v. Israel*, 838 F. App'x 856, 868 (5th Cir. 2020) (trial counsel's failure to raise a meritless argument cannot form the basis for an ineffective assistance of counsel claim because the result of the proceeding would not have been different if counsel had raised the issue) (citing *Kimler*, 167 F.3d at 893). This claim fails under both prongs of *Strickland*, and it should be denied.

### b. Failure to Investigate

Gafford also argues that his trial attorney provided ineffective assistance of counsel when he failed to investigate the State's expert witness,

8

and if he had, he would have learned that he was not qualified to make conclusions in court and was only qualified to submit fingerprints to the FBI. Pet. 6, 26 (ECF No. 3). Although it is not entirely clear, Gafford apparently contends that his attorney's failure to investigate the State's expert was significant because the expert's testimony supported the enhancement of his conviction. *Id.* That is, the expert opined Gafford's present fingerprints matched the prints associated with a prior conviction. *Id.*

A claim that an attorney provided ineffective assistance of counsel because he did not adequately conduct a pretrial investigation is addressed under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Bryant v. Scott*, 28 F.3d 1411, 1414 (5th Cir. 1994). A trial attorney must conduct a reasonable amount of pre-trial investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)); *see also Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "[W]hen alibi witnesses are involved, it is unreasonable for counsel not to try to contact the witnesses and 'ascertain whether their testimony would aid the defense.'" *Bryant*, 28 F.3d at 1415 (quoting *Grooms v. Solem*, 923 F.2d 88, 90 (8th Cir. 1991)); *see also Towns v. Smith*, 395 F.3d 251, 258-60 (6th Cir. 2005) (recognizing that counsel's failure to conduct a reasonable investigation into a "known and potentially important alibi witness" was ineffective assistance where an investigation would have resulted in a reasonable probability of the defendant's acquittal). To

9

demonstrate prejudice due to "a failure to investigate on the part of his counsel [a petitioner] must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Gafford alleges that his trial attorney was ineffective for failing to investigate the State's fingerprint expert witness and determine he was not qualified to express opinions in court. Pet. 6, 26 (ECF No. 3). At Gafford's sentencing, Officer Fernando Hernandez, an expert witness, testified. 3 Reporter's R. 7-18 (ECF No. 9-23). He testified that he was employed by the Dallas County Sheriff's identification section. *Id.* 7. Officer Hernandez stated that in that role, he examined and classified fingerprints and searched the office's files to determine if the subject has been in their facility under a different name. *Id.* He explained that there are twelve points of comparison through the FBI with fingerprints, and this allows law enforcement to determine if an individual is who they say they are. *Id.* 9. Officer Hernandez testified that he fingerprinted Gafford, and he connected him to a previous judgment. *Id.* 9-12 (citing State's Ex. 11). But, Gafford argues, Officer Hernandez was not qualified to provide opinions in court without submitting the actual fingerprints to the FBI. This claim is meritless and so conclusory that it is legally insufficient.

Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue.") (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . [and] mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In addition, Gafford has failed to show prejudice. To demonstrate prejudice under *Strickland*, a petitioner must show that there is a reasonable probability that the outcome of his trial would have been different without the deficient performance. *Strickland*, 466 U.S. at 691, 694 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment."); *see also* Coleman v. Vannoy, 963 F.3d 429, 433 (5th Cir. 2020) (noting that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome") (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Crane*, 178 F.3d at 312. "Rather, the defendant must demonstrate that the prejudice rendered [the outcome] 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

The Court sentenced Gafford to ten years' imprisonment for aggravated assault with a deadly weapon. State Habeas Ct. R. 7 (ECF No. 9-29). This sentence fell within the low range for his conviction, which was enhanced by a prior felony conviction. *See* Tex. Penal Code §§ 12.32, 12.42, 22.02 (providing his punishment range was between five years' imprisonment and life imprisonment). Gafford has failed to demonstrate that his sentence would have been less if his trial attorney had investigated the State's expert witness.

For these reasons, Gafford has failed to demonstrate that his trial attorney provided ineffective assistance of counsel under *Strickland*. These two claims should therefore be denied.

### 3. **The trial court acted within its discretion.**

Gafford argues that the trial court abused its discretion when it failed to correct a "false interpretation of the truth (Not a[n] Expert)." Pet. 7 (ECF

12

No. 3). He contends the trial court allowed the witness to "erroneously present himself as an expert. When he is only trained to present to FBI for a fingerprint match." *Id.* Gafford avers that any determination regarding fingerprints is actually made "'through' the FBI." *Id.*

The Court construes Gafford's argument as an attack on the sufficiency of the evidence against him. When addressing a sufficiency-of-the-evidence claim, a court must view the evidence "in the light most favorable to the prosecution to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Norris v. Davis*, 826 F.3d 821, 833 (5th Cir. 2016) (quoting *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (the proper inquiry is whether the record evidence at trial could reasonably support the finding of guilt beyond a reasonable doubt). "The credibility of the witnesses and the weight of the evidence is the exclusive province of the jury." *Hebert v. Rogers*, 890 F.3d 213, 225 (5th Cir. 2018) (quoting *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993)). Any credibility determinations and conflicting inferences must be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citing United *States v. Cyprian*, 197 F.3d 736, 740 (5th Cir.1999). All factual determinations are presumed correct, and the petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

On direct appeal, the Fifth Court of Appeals found that the evidence was sufficient to support Gifford's conviction for aggravated assault with a deadly weapon. *Gafford,* 2015 WL 4641693, at *2. In making this determination, the Fifth Court of Appeals viewed the record in the light most favorable to the verdict and found that the evidence showed Gafford followed Spencer and her sister in their car for several miles. *Id.* He was driving erratically at speeds between fifty and sixty miles per hour. *Id.* Gafford swerved at the car with Spencer and her sister, and they also had to swerve to avoid being hit by his car. *Id.* They called 911 for help. *Id.* The Fifth Court of Appeals found that "a reasonable fact finder could determine that [Gafford] intentionally or knowingly threatened Spencer with imminent bodily injury and that appellant used his motor vehicle in a way that was capable of causing serious bodily injury or death." *Id.* The Fifth Court of Appeals ultimately concluded: "the evidence is legally sufficient to support [Gifford's] conviction for aggravated assault and that he used a motor vehicle as a deadly weapon." *Id.*

In Gafford's case, the trial court was the fact finder, and it weighed the credibility of the witnesses and resolved any conflicts in the evidence. A Texas appellate court reviews the evidence before it in the light most favorable to the trial court's ruling. *Shah v. State,* 403 S.W.3d 29, 34 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *Johnson v. State,* 386 S.W.3d 347, 350 (Tex. App.-Amarillo 2012, no pet. h.)). "It is within the

14

province of the trial court, as factfinder, to reconcile conflicts or contradictions in the evidence[.]" *Shirley v. State*, 2022 WL 1096425, at *4 (Tex. App. Apr. 13, 2022) (*Shah*, 403 S.W.3d at 34). When on federal habeas review, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985) (citing *Dunn v. Maggio*, 712 F.2d 998, 1001 (5th Cir.1983); *Amstead v. Maggio*, 720 F.2d 894, 896–97 (5th Cir.1983)). A federal habeas judge must respect any credibility determinations made by the trier of fact. *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993) (citing *Sumner v. Mata*, 455 U.S. 591, 597 (1982)).

When proper deference is afforded to the trial court's credibility determinations, the evidence presented at Gafford's trial was enough to support his conviction for aggravated assault with a deadly weapon. *See* 28 U.S.C. § 2254(e)(1); *see also Marler*, 777 F.2d at 1012 ("A federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts."). Gafford's attack on the sufficiency of the evidence underlying his conviction is little more than an improper attempt to get this Court to second-guess the trial court's credibility determinations, implicit factual findings, and resolution of any conflicts in the evidence. As discussed, when Gafford's case was on appeal, the Fifth Court of Appeals found that the evidence was sufficient to support his conviction, and this decision by the state court is entitled to deference by this federal habeas

15

court. *See Parker v. Procunier*, 763 F.2d 665, 667 (5th Cir. 1985) (per curiam) (applying the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 317 (1979), and concluding the factfinder "behaved rationally" in finding the defendant guilty of murder beyond a reasonable doubt). Finally, Gafford has failed to demonstrate that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citing 28 U.S.C. § 2254(d)(1)). For these reasons, the trial court acted within its discretion, and this claim should be denied.

Gafford argues that the trial court erred by failing to correct the expert witnesses's testimony. Mot. 7, 30 (ECF No. 3). This argument is so conclusory that it is legally insufficient. Specifically, this argument is supported by bald assertions on a critical issue. *See Blackledge*, 431 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal[.]"); *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (conclusory allegations are insufficient to raise a cognizable claim of ineffective assistance of counsel). Gafford's claim lacks the necessary detail this Court needs to address it. Because this argument is simply too brief, it is impossible for the Court to determine the exact nature of this claim. Gafford's claim is therefore subject to summary dismissal on this basis alone.

### 4. **Gafford has failed to meet his burden under the AEDPA.**

Last, Gafford fails to meet his burden of proof under the AEDPA. Specifically, the CCA's denial of his claims served as an adjudication on the merits. State Habeas Ct. R. at "Action Taken" sheet (ECF No. 9-24); *see* 28 U.S.C. § 2254(d); *see also Valdez v. Cockrell,* 274 F.3d 941, 950 (5th Cir. 2001) (noting that under the AEDPA, there is a deferential standard of review, and a federal court must defer to a state court adjudication on the merits). An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); *see also* Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

In sum, this Court must defer to the state court's determinations. Because the state habeas court's rejection of Gafford's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, he is not entitled to relief.

### III. Recommendation

For the foregoing reasons, the Court should DENY Gafford's § 2254 petition.

Signed May 27, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)